(50 App. Div. 531.)

GROSS v. SORMANI.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. EXPERT EVIDENCE—COMPARISON OF HANDWRITING—COMPETENCY OF WITNESS.
   A witness who has testified that he is acquainted with the handwriting of a party, having had numerous letters from him, may be asked whether he can, with reasonable certainty, from his acquaintance with the handwriting of such party, state whether or not the signature to a bill of sale is in the party's handwriting.

2. APPEAL—GROUNDS FOR REVERSAL—EXCLUSION OF COMPETENT EVIDENCE.
   The plaintiff's cause of action being dependent upon the question whether the bill of sale under which plaintiff claimed title was signed and executed by plaintiff's testator, the exclusion of competent expert testimony, offered by plaintiff, as to whether the signature to the bill of sale was the genuine signature of plaintiff's testator, is reversible error.

Appeal from special term, Kings county.

Action by Michael C. Gross, as executor of last will of Anton B. Schwenniger, deceased, against Peter V. Sormani, for an accounting. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Rudolf Dulon (Max Meyer and William Phlippeau, on the brief), for appellant.

James W. Ridgway (Henry A. Petersen, on the brief), for respondent.

WOODWARD, J. This action was brought for an accounting; the plaintiff alleging a partnership between his testator and the defendant, and a refusal on the part of the latter to turn over the property of the testator to the plaintiff, his executor, under the terms of the partnership agreement. The defendant admitted the partnership; setting up as a defense a bill of sale under the hand and seal of the testator, duly acknowledged before a notary public. This was the issue before the court; the plaintiff's motion to amend the complaint, alleging that the defendant was an employé or agent, having been denied. It appeared upon the trial that on or about the 12th day of October, 1895, Anthony B. Schwenniger purchased of one Ubert a certain drug store in the then city of Brooklyn, and that he entered into a partnership agreement with Peter V. Sormani, the defendant, who was to have charge of the business, and the profits and losses were to be shared equally between them. This partnership continued until the 17th day of February, 1897, when the learned court finds that the "said co-partnership was dissolved and ended, and the defendant, for a valuable consideration, became the owner, in his own right, of all the right, title, and interest of said Anton B. Schwenniger in and to the said retail drug store, and since said time the defendant has continued to be the sole owner of said business in his own right," and that defendant became such sole owner "by virtue of an instrument in writing (bill of sale), and under seal, dated February 17, 1897, duly made, executed, and delivered by said Anton B. Schwenniger to the defendant, whereby the said Anton B. Schwenniger, for a valuable consideration, duly sold, conveyed, assigned, transferred, set over, and delivered unto the defendant all his (the said Anton B. Schwenniger's) right, title, and interest in and to the said drug business, and all the contents thereof, together with the good will of said business, and the lease of said drug store." Plaintiff excepted to the decision as a whole, upon the ground that there is no evidence to support it, and on the further ground that it is contrary to law. As the decision of the court below does not state separately the facts found and conclusions of law, the case is now before us for review upon the facts and the law. Section 1022, Code Civ. Proc.

The appellant urges that the bill of sale introduced in evidence does not establish the defense set up in the answer; that the legal presumption is against its validity, as the relations between the

parties were of a fiduciary character,—there being no affirmative evidence in the case that the alleged transfer was a fair and bona fide transaction, and free from all suspicious circumstances. In view of the conclusion which we have reached, and which involves a new trial, it is not necessary to discuss this question, more than to say that we are unable to find any authorities which hold that transactions between partners are presumptively fraudulent, in the absence of evidence of some special advantage of position, of knowledge, or other fact calculated to produce inequality. Butler v. Prentiss, 158 N. Y. 49, 59, 52 N. E. 652.

The important questions presented on this appeal are those arising under the exceptions to the refusal of the court to admit certain evidence. The bill of sale had been offered and received in evidence, and the plaintiff was authorized by section 522 of the Code of Civil Procedure to avoid the effect of this defense. He could introduce any competent evidence to show that the bill of sale was a forgery, or that it was procured by undue influence or fraud. The bill of sale was under seal, and was certified by a notary public in proper form. While this is made evidence, by the provisions of section 935 of the Code of Civil Procedure, it is provided in the next section that the certificate of the notary public or other officer is not conclusive. It was therefore proper to introduce evidence to show that the signature to the bill of sale was not that of Anton B. Schwenniger. The plaintiff had elicited testimony from Adna H. Underhill, paying teller of the West Side Bank, in which Schwenniger had kept an account, to the effect that the signature to the bill of sale was not, in his opinion, that of plaintiff's testator. Oscar L. Richards, one of plaintiff's witnesses, testified that he was acquainted with the signature of Father Schwenniger; that he had had numerous dealings with him, and received numerous letters. He was asked this question:

"Look at the signature to the paper I show you,—the bill of sale,—and state whether, in your opinion, that is in the handwriting of Father Schwenniger."

This was objected to. The objection was sustained, and plaintiff excepted. He was then asked:

"Will you state whether you can, with reasonable certainty, from your acquaintance with the handwriting of Father Schwenniger, state whether that is in his handwriting or not?"

Objection. Same ruling. Plaintiff excepts.

While the rule is laid down in People v. Corey, 148 N. Y. 476, 42 N. E. 1066, that the witness should not only be acquainted and somewhat familiar with the handwriting of the person whose writing is sought to be proved, but "he should have an intelligent acquaintance with the handwriting of the party, so that he can determine with a reasonable degree of certainty whether the writing offered is his genuine handwriting," thus giving the court some discretion in the admission of evidence, we are of the opinion that it was error for the court to reject the evidence of this witness. The witness had testified that he was acquainted with the handwriting of plaintiff's testator, and that he had received numerous letters from

him in the course of business dealings with him, and he was asked whether he could, "with reasonable certainty, from your acquaintance with the handwriting of Father Schwenniger, state whether that is in his handwriting or not." This question, even under the extreme rule suggested in People v. Corey, supra, which was a criminal case, in which the witness under discussion had evidenced a lack of ordinary intelligence, and who was in fact unable to read the writing of the person whose handwriting was under consideration, was competent. If answered in the affirmative, it would have qualified the witness to answer the further question whether, in his opinion, the signature was that of Father Schwenniger, and its rejection by the court below was error which entitles the plaintiff to a new trial. The plaintiff's cause of action depended upon the question of whether that bill of sale was signed and executed by the plaintiff's testator; and, while the court was not obliged to believe the evidence of the witness, the plaintiff was entitled to have the evidence in the record, where it might be of importance in determining the weight of the testimony, in support of his contention. The evidence of the witnesses in reference to the signature is uncontradicted, except by the certificate of the notary public; and, in view of the findings of the court below, it cannot be said that the plaintiff did not suffer by reason of the exclusion of the proof offered to show that the signature was not that of plaintiff's testator. The judgment appealed from should be reversed, and a new trial granted, costs to abide the event; and the order appealed from should also be reversed, inasmuch as we are of the opinion that the motion to amend the complaint should have been granted.

Order denying motion to amend complaint reversed, with $10 costs and disbursements, and motion granted. All concur.